1 | Caitlin C. Blanche (SBN 254109)
  | caitlin.blanche@klgates.com
2 | Morgan T. Nickerson (pro hac)
  | morgan.nickerson@klgates.com
3 | K&L GATES LLP
  | One Park Plaza, Twelfth Floor
4 | Irvine, CA 92614
  | T:  (949) 253-0900
5 | F:  (949) 253-0902

6 | *Attorneys for Plaintiff*
  | *JanSport Apparel Corp.*
7 |
8 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JANSPORT APPAREL CORP. | Case No. 2:21-cv-09828-MWF-AFM |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BRAVO WHOLESALE INC., | |
| Defendant. | |

FIRST AMENDED COMPLAINT

Plaintiff JanSport Apparel Corp. ("Plaintiff" or "Jansport") by and through its undersigned counsel, complains of defendant Bravo Wholesale Inc.'s ("Defendant") conduct and alleges upon information and belief as to Defendant's acts as follows:

## NATURE OF THIS ACTION

1. Plaintiff seeks injunctive relief and monetary damages for Defendant's violations under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and the California Unfair Competition Law, codified at Business and Professions Code sections 17200, 17500, et seq., arising from Defendant's false advertising of the condition and model of the Jansport products it sells through online commerce sites including but not limited to, Amazon.com.

2. Defendant obtains its inventory of Plaintiff's branded products through closeout or liquidation distribution channels.

3. Products sold through closeout or liquidation channels are not in "new" condition.

4. Despite the fact that its products are in "used" condition, Defendant is falsely advertising and selling its products as being in "new" condition.

5. Similarly, Defendant is misrepresenting and falsely advertising to customers the specific model of the product it has for sale. Defendant will advertise one model for sale, but deliver to a customer a different, lesser value model.

6. Consumers are likely to be and have been actually confused by Defendant's false advertising.

7. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and Jansport.

8. As a result of Defendant's actions, Jansport is suffering a loss of the enormous goodwill that it has created in its trademarks and is losing profits from lost sales of products that are actually in new condition and which are actually the model advertised. This action seeks permanent injunctive relief and damages for

Defendant's misconduct.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

10. Defendant has stipulated that personal jurisdiction and venue are proper in this forum.

## PARTIES

11. Plaintiff Jansport Apparel Corp. is a Delaware corporation with a principal place of business in Colorado.

12. Defendant Bravo Wholesale Inc. is a California corporation. It sells products, including those at issue in this lawsuit, via various internet platforms. Its most prominent storefront is through its amazon.com storefront named Bravo Wholesale. On its online profile page, it lists an address of 532 Gallardo St., Los Angeles, CA.

13. Amazon.com has assigned Defendant's storefront user ID A2IR3Q6QXTOOU3.

## FACTS

**Plaintiff's Iconic Brand**

14. Since 1967, Jansport has designed packs, bags and outdoor gear to equip its customers for their daily adventures. It is committed to making durable, functional, versatile products its customers can count on, whether they're headed into a long day, out with friends or going off the grid.

15. As its name suggests, Jansport Apparel Corp. owns the trademark rights to its entire family of JANSPORT Marks. The JANSPORT Marks are registered at the USPTO and include, but are not limited to, the following registered trademarks: JANSPORT (Reg. No. 3,316,763), JANSPORT (Reg. No. 1,919,738), and JANSPORT (Reg. No. 5,447,005).

16. Said registrations are in full force and effect and Defendant is on constructive notice of each mark. All of Plaintiff's trademarks are collectively referred to as the "JANSPORT Marks."

17. Jansport has invested significant time, money, and effort in advertising, promoting, and developing the JANSPORT Marks throughout the United States and the world. As a result of such actions, Jansport has established substantial goodwill and widespread recognition in the JANSPORT Marks.

18. Given its high quality products, Jansport offers a limited lifetime warranty on all JANSPORT branded equipment (e.g., packs, bags, pouches, totes, cases) to the original owner against manufacturing defects in materials and workmanship (with certain exclusions not relevant to the present action).

**Defendant's False Advertising**

19. Defendant has sold and is currently selling JANSPORT branded equipment on several online retail platforms, including, but not limited to, Amazon.com.

20. Defendant misrepresents the condition of the Jansport products it sells. It advertises its Jansport products as "new" despite the fact that they are used, close-out, or liquidation products.

21. Despite the fact that they are selling liquidated, used and often defective products, Defendant advertises the condition of the Jansport products it is selling as "new" on several online marketplaces including, but not limited to, Amazon.

22. In order to list the condition of a product as "new" on Amazon, Amazon requires, and therefore customers expect, the product to be "[a] brand-new item. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments."

23. Despite offering their products as "new," the Jansport products sold by Defendant do not meet Amazon's definition or the customer's expectation of what is a "new" product. Instead, Defendant fulfills orders for "new" product with its

inventory of "used" Jansport products.

24. The condition of a product is a critical feature to the consumer. Indeed, recognizing this fact, Amazon (as well as most retailers) allows a consumer to sort products available by their condition.

25. To be clear, despite listing all of its Jansport product as being in "new" condition, *all* of Defendant's product is in "used" condition.

26. As shown herein, Defendant's false advertising of its Jansport products deceives a substantial number of Defendant's customers.

27. Moreover, consumers have a poor purchasing and brand experience when they buy a liquidated, used, or close-out item believing it to be in "new" condition.

28. For example, customers have left the following feedback and star ratings on products purchased from Defendant:

- "Used: Gross. My son went to pack up his bag for school and inside was an old piece of gum, wrapped up in a smooshed wrapper, and a blue pen. Clearly not new and I paid way too much for this for somebody's return. It came in a sealed plastic bag. Very disappointed." 3 out of 5 stars. Left by customer shoppin Momma on October 6, 2020.
- "Stained all over the front" 2 out of 5 stars. Left by Kiersta Hill on October 26, 2020.
- "Very thin backpack. Felt like a Jansport knock off." 2 out of 5 stars. Left by an unnamed customer on April 21, 2021.

29. Indeed, evidencing the willful nature of its misconduct, Defendant has continued its false advertising since this lawsuit was filed. As follows are further comments from Defendant's customers evidencing their displeasure with the poor condition of the backpacks:

/ / /

/ / /

> ⭐ "I attempted to cancel the item within minutes of ordering but no option and now I have to pay to return it! Ridiculous! Plus the bag appears to have been used!"
>
> By Niclint on January 16, 2022.

> ⭐ "Quality of backpack was less than expected. I wanted to return it. However, would have to pay shipping plus a 20% restocking fee. Not worth returning when I would be losing almost $30. Do not recommend this seller."
> Read less
>
> By Judith M. Haeske on August 25, 2021.

30. A review of the Defendant's feedback above also makes clear that its packaging often shows up damaged or in poor condition. These are all specific examples of Defendant selling Jansport product in "used" condition rather than in "new" condition as advertised by Defendant.

31. Moreover, during its investigation of Defendant, Jansport caused to be purchased a backpack advertised by the Defendant to be a SUPERBREAK® PLUS backpack.

32. Rather than sending a SUPERBREAK® PLUS backpack as advertised, Defendant instead sent an Ashbury model backpack.

33. The Ashbury model backpack is an older style and color from 2019 that was discontinued by Jansport. The Ashbury is made with a different body nylon than a SUPERBREAK® PLUS backpack.

34. Thus, Defendant advertised a completely different model and product than what it delivered.

35. On a different occasion, Jansport reviewed Defendant's advertisement for a Big Student backpack. While Defendant's listing stated the backpack was a Big Student backpack, the pictures on the listing were for Jansport's Main Campus backpack.

36. Jansport was able to ascertain the difference between the product advertised and the product sold from the pictures alone as the Big Student backpack

FIRST AMENDED COMPLAINT

has an entirely different front pocket than the Main Campus backpack.

37. Indeed, after this lawsuit was filed and evidencing its continued willful false advertising, Defendant is current listing the older model of Jansport's SuperBreak backpack as the newer, current model.

38. As only the newer model of the SuperBreak backpack has a water bottle holder, customers do not receive the product that they intend to purchase.

39. When Jansport discontinues a model of backpack, rather than setting up its own ASIN[1] on Amazon.com to sell the discontinued product, Defendant finds a similar, but different Jansport page selling a different model of backpack, and uses that ASIN to sell discontinued models of backpacks. As shown above, given the differences between the older and new models, customers do not receive the product they intend to purchase.

40. Moreover, a current review of Defendant's Amazon listing demonstrate that Defendant often falsely advertises Jansport's RightPack Expression backpacks as Jansport's RightPacks.

41. As a result, Defendant is falsely advertises to customers the actual model of the backpack it is selling.

42. Once again, a review of Defendant's feedback evidences its deceptive scheme:

> ★☆☆☆☆ "I sent back the WRONG back pack that was sent to me. I had a order that said that the right back was being sent but now that is gone and I was charged for the wrong backpack which I don't have. This seller is * and don't buy anything from them."
> Read less
>
> By Shaun on August 4, 2021.

---

[1] ASIN is an acronym for Amazon Standard Identification Number. It is a 10-character alphanumeric unique identifier assigned by Amazon and its partners for product identification. Each ASIN represents an individual product page on Amazon.

⭐☆☆☆☆ "The backpack received was not the same picture"
By Tricia Mabellos on March 24, 2021.

⭐☆☆☆☆ "I ordered the Black MONO fanny pack as visually described on the website. This is not the one."
By David on August 7, 2020.

43. Similarly, on June 19, 2021, a customer of Defendant named "Jacquelyn G." left feedback stating "I order [sic] the JanSport Cross Town in Red Tape but received a SuperBreak instead. This is not what I wanted."

**The Likelihood of Confusion and Injury Caused by Defendant's Actions**

44. As shown above, Defendant's actions substantially harm Jansport by placing falsely advertised Jansport products into the stream of commerce in the United States.

45. Defendant's actions substantially harm Jansport and its consumers, who ultimately purchase Defendant's falsely advertised products believing them to be the correctly advertised products that they would receive from Jansport.

46. Defendant's conduct results in consumer confusion as well as the dilution of Jansport's goodwill and trade name, as consumers are not receiving the products they believe they are purchasing.

47. As a result of Defendant's actions, Jansport is suffering the loss from sales of actual new condition products and sales from current model numbers rather than the expired models sold by Defendant.

48. Defendant is likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable harm.

/ / /

# COUNT I

## False Advertising in Violation of 15 U.S.C. § 1125(a)

49. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50. This is a claim for false advertising under 15 U.S.C. § 1125(a).

51. To set forth a false advertising claim, Jansport must allege (1) a false statement of fact by the defendant in commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant or by a lessening of the goodwill associated with its products.

52. As set forth above, Jansport has alleged every element of the claim so as to put Defendant on notice of what the allegations are against it.

53. Plaintiff engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the JANSPORT Marks, throughout the United States.

54. The JANSPORT Marks have been, and will continue to be known throughout the United States as identifying and distinguishing Jansport's products and services.

55. By selling or distributing products as alleged herein, Defendant is engaging in false advertising in violation of 15 U.S.C. § 1125(a).

56. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Plaintiff's goodwill and reputation as symbolized by the JANSPORT Marks, for which Plaintiff has no adequate remedy at law.

/ / /

57. Defendant's actions demonstrate an intentional, willful, and malicious intent, thereby causing immediate, substantial, and irreparable injury to Plaintiff.

58. By selling and advertising products under the JANSPORT Marks as described herein, Plaintiff is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

59. As a direct and proximate result of Defendant's actions, Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless its conduct is enjoined, Plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

**Violation of Business and Professions Code §§ 17200, 17500 et seq.**

60. Jansport hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, 17500 et seq., prohibits any unlawful, unfair, or fraudulent business act or practice, or false advertising.

62. Defendant's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and false advertising within the meaning of California Business & Professions Code §§ 17200, 17500 et seq.

63. Defendant's misconduct has a tendency and likelihood to deceive members of the public.

64. The foregoing acts and practices have caused substantial harm to Jansport.

/ / /

65. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, Jansport has lost money and suffered injury in fact and damages in the form of lost sales revenue, fees, and other costs.

66. Defendant's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Jansport of property and/or legal rights or otherwise causing injury and false advertising.

67. Defendant's conduct subjected Jansport to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Jansport to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendant providing the following relief:

1. Finding that Defendant's sale of Jansport products as described herein is a violation of 15 U.S.C. § 1125(a) and Business and Professions Code §§ 17200, 17500 et seq. resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:
   a. using the JANSPORT Marks or any other of Plaintiff's intellectual property;
   b. falsely advertising the condition of any Jansport products;
   c. selling, or taking any steps to sell; acquiring, or taking any steps to acquire any Jansport products in violation of the Lanham Act;

    d.  engaging in any activity constituting unfair competition with Plaintiff;

    e.  inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2. Award Plaintiff its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Business and Professions Code §§ 17200, 17500 et seq.;

3. Award Plaintiff Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Business and Professions Code §§ 17200, 17500 et seq.;

4. Award Plaintiff exemplary and punitive damages per Business and Professions Code §§ 17200, 17500 et seq.;

5. Award Plaintiff its reasonable attorneys' fees in bringing this action as allowed by law and pursuant to 15 U.S.C. § 1117 and Business and Professions Code §§ 17200, 17500 et seq.;

6. Award Plaintiff pre-judgment and post-judgment interest in the maximum amount allowed under the law and pursuant to 15 U.S.C. § 1117 and Business and Professions Code §§ 17200, 17500 et seq.;

7. Award Plaintiff the costs incurred in bringing this action; and

8. Grant Plaintiff such other relief as this Court deems just and proper.

/ / /
/ / //
/ / /
/ / /
/ / /
/ / /
/ / /

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all causes of action so triable.

Dated: January 25, 2022         K&L GATES LLP

By: *[signature: Caitlin C. Blanche]*
Morgan T. Nickerson (pro hac)
Caitlin C. Blanche
*Attorneys for Plaintiff*
*JanSport Apparel Corp.*

## CERTIFICATE OF SERVICE

I, Cassandra Thornton, certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: January 25, 2022                         /s/ *Cassandra Thornton*
                                                                  Cassandra Thornton